IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

      vs.                                                 Case No.: 8:93-cr-228-T-24EAJ

OMAR ANTONIO ANCHICO-MOSQUERA,

      Defendant.

_____/

## ORDER

This cause comes before the Court on the 18 U.S.C. § 3582(c)(2) Motion for

Modification of Sentence pursuant to Amendment 709 to the Sentencing Guidelines filed *pro se*

by the Defendant Omar Antonio Anchico-Mosquera ("Anchico-Mosquera"). (Doc. 212). The

United States has not filed a response.

## BACKGROUND

Anchico-Mosquera was sentenced to life imprisonment for conspiracy to possess with

intent to distribute cocaine base (Count One), and possession with intent to distribute cocaine

base (Count Two) on March 4, 1994. On August 13, 1993, prior to trial and sentencing, the

United States Attorney filed an information and notice pursuant to 21 U.S.C. §§ 841(b)(1)(A)

and 851 advising that Anchico-Mosquera was subject to an enhanced mandatory sentence of life

imprisonment because the amount of crack cocaine exceeded fifty grams and the Defendant had

two prior felony drug convictions. (Doc. 200).

In calculating the criminal history category for the applicable sentencing guideline range

in  the Presentence Investigation Report, the probation officer attributed a total of six criminal

1

history points to Anchico-Mosquera for two prior felony drug convictions. Anchico-Mosquera

was arrested on February 6, 1986 and sentenced on June 18, 1986 for possession of cocaine,

Case Number 86-2063, resulting in a sentence of five years of probation. On July 24,

1988—while still on probation—Defendant was arrested for various drug offenses, Case Number

88-6531. On January 17, 1989, Defendant admitted to a violation of probation and was

sentenced in Case Number 86-2063 to a sentence of five years imprisonment. On that same date,

Anchico-Mosquera pled guilty in Case Number 88-6531 and was sentenced to ten years

imprisonment to be served concurrently on the crimes of racketeering, conspiracy to racketeer,

conspiracy to traffic in cocaine, and trafficking in cocaine.

The United States Sentencing Commission promulgated Amendment 709 to clarify and

simplify the rules for computing a defendant's criminal history score under U.S.S.G. §§ 4A1.1

and 4A1.2. Anchico-Mosquera contends that these prior convictions are considered a "single"

sentence under Amendment 709, because the sentences were part of the same charging

instrument and imposed on the same day. He now moves to modify his sentence pursuant to 18

U.S.C.§ 3582(c)(2) based on Amendment 709, the application of which he contends would

reduce the applicable sentencing range.


## ANALYSIS

Under 18 U.S.C. § 3582(c)(2), a court may reduce a sentence of an incarcerated defendant

who "has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994( o) . . .

if such a reduction is consistent with the applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(2); see U.S. v. Douglas, 576 F.3d 1216, 1218 (11th Cir. 2009). The Sentencing Commission's policy statement on retroactive reduction of sentences provides that a sentence reduction is consistent with the policy statement where: (1) the applicable guideline sentencing range is lowered as a result of an amendment to the Guidelines; and (2) the amendment is listed as retroactively applicable under U.S.S.G. § 1B1.10(c). U.S. v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003) (stating that "for a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10(c)").

The Court will first address whether Amendment 709 applies retroactively. Amendment 709 became effective on November 1, 2007 and "addresses two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." U.S.S.G. App. C, Amend. 709, Reason for Amendment. With regard to the counting of multiple sentences, prior offenses separated by an intervening arrest are counted separately for the purpose of calculating a criminal history score. U.S.S.G. App. C, Amend. 709. If there was no intervening arrest, prior sentences are counted separately "unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." Id. Anchico-Mosquera argues that he was erroneously given an additional three criminal history points for prior convictions that are considered a "single" offense under Amendment 709.

A reduction in a defendant's sentence is not authorized by 18 U.S.C. § 3582(c)(2) unless the amendment to the Guidelines is retroactively applicable, and only amendments listed in

3

U.S.S.G. § 1B1.10(c) qualify as retroactively applicable amendments warranting § 3582(c)(2)

relief. U.S.S.G. § 1B1.10(a)(1), (c); Armstrong, 347 F.3d at 907–908.  Section 1B1.10(a)(1)–(2)

specifies that the applicable amendment must be listed in subsection (c) to be authorized under 18

U.S.C. § 3582(c)(2).   Section 1B1.10©) provides:

> (C)   Covered Amendments.—Amendments covered by this policy statement are
> listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379,
> 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657,
> 702, 706 as amended by 711, and 715.

Amendment 709 is not listed under § 1B1.10(c), was not made retroactively applicable by any

later amendment, and therefore, does not qualify as retroactively applicable under § 3582(c)(2).

See U.S.S.G. § 1B1.10(c); U.S. v. Sampson, No. 08-16308, 2009 WL 3022141 at *2 (11th Cir.

Sept. 23, 2009); U.S. v. Martinez, No. 09-10792,  2009 WL 2171213 at *2 (11th Cir. July 22,

2009); U.S. v. Gibbs, No. 08-15778, 2009 WL 1006080 at *2  (11th Cir. April 15, 2009); see

generally U.S.S.G. App. C.

Anchico-Mosquera argues that Amendment 709 was passed to clarify the applicable

guidelines and, relying on U.S. v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) and U.S. v.

Saunders, 318 F.3d 1257, 1263–1264 n.8 (11th Cir. 2003), states the law is well established that

an amendment must be retroactively applied where it is clarifying rather than substantive.

However, the Eleventh Circuit interpreting Anderton stated, "[o]ur cases have considered

applying a clarifying amendment retroactively *only* in the context of a direct appeal and a 28

U.S.C. § 2255 habeas petition." Armstrong, 347 F.3d at 908 (citing Anderton, 136 F.3d at 750)

(discussing the retroactive application of Amendment 635) (emphasis added).  A motion to

modify a "final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule

that final judgments are not to be modified."  Id. at 909.  Section 3582(c)(2) allows for a limited

exception to the "rule of finality" where a term of imprisonment is based on a sentencing range

that has been lowered by the Sentencing Commission and § 3582(b).  Id.  "Thus, only

amendments, *clarifying or not*, listed under subsection (c) of § 1B1.10, and that have the effect of

lowering the sentencing range upon which a sentence was based, may be considered for reduction

under § 3582(c)(2)."  Id.  Since Amendment 709 is not one of the amendments listed under §

1B1.10©), it cannot be the basis for a sentence reduction under § 3582(c)(2).

Even if Amendment 709 applied retroactively, however, Anchico-Mosquera's sentence

would not be reduced because his guideline sentencing range was based upon a

statutory-minimum sentence of life imprisonment, not his criminal history category.  See 21

U.S.C. § 841(b)(1)(A) (imposing a mandatory minimum sentence of life imprisonment if the

person has two prior felony-drug offenses and the government filed a proper notice under 21

U.S.C. § 851); see also U.S. v. Barclay, No. 08-13098, 2008 WL 4737423 at *1 (11th Cir. Oct.

29, 2008).  The applicable sentencing range was not based upon a calculation of his criminal

history.  Rather, Defendant was subject to an enhanced mandatory sentence of life imprisonment

pursuant to 21 U.S.C. § 841(b)(1)(A) due to the amount of crack cocaine involved combined with

his two prior felony drug convictions.  Therefore, the application of Amendment 709 does not

lower the applicable sentencing guideline range as required by 18 U.S.C. § 3582(c)(2).

Accordingly, the Court is not authorized by 18 U.S.C. § 3582(c)(2) to reduce Anchico-

Mosquera's term of imprisonment.

Defendant also argues that the § 851 information and notice filed on August 13, 1993 was

deficient in that it did not comply with the filing requirements of 21 U.S.C. § 851(a) by not

stating the two prior convictions which trigger a mandatory life sentence pursuant to 21 U.S.C. §

841(b)(1)(A). As a result, he argues the Court was without jurisdiction to impose the life

imprisonment sentence. To the extent the Defendant seeks to challenge the § 851 notice filed by

the Government on August 13, 1993, a § 3582(c)(2) motion is not the proper avenue. The plain

language of § 3582(c)(2) is limited to seeking modifications of a sentence based on amendments

to a guideline sentencing range. See 18 U.S.C. § 3582(c)(2).

Finally, because Anchico-Mosquera is ineligible for a sentence reduction under §

3582(c)(2), the Court does not need to consider the defendant's arguments regarding the 18

U.S.C. § 3553(a) factors in determining whether to modify his sentence.

## CONCLUSION

Accordingly, it is ORDERED and ADJUDGED that Defendant's Motion for

Modification of Sentence is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 20th day of November, 2009.


SUSAN C. BUCKLEW
United States District Judge