**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                                            CASE NO:  8:93-228-T-24EAJ

OMAR ANTONIO ANCHICO-MOSQUERA
_____/

**O R D E R**

**THIS CAUSE** comes before this Court on Defendant's construed Motion for Reconsideration (Dkt. 241) of the Court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on USSG Amendment 782, a retroactive guideline amendment (*see* USSG § 1B1.10(d) (2014)).  The Court previously found that Defendant was ineligible for a sentence reduction under Amendment 782 because he was sentenced to the statutory minimum of life imprisonment.  *See* Dkt. 240.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted).  Reconsideration, or rehearing, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Int'l Union of Painters v. Argyros,* No. 05–1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted).

Defendant has not shown that any of the three major grounds justifying reconsideration apply in this case. Instead, Defendant is contesting his original sentence. It is improper to do so in a motion for sentence reduction pursuant to Amendment 782. As such, relief is not warranted, and Defendant's motion must be denied.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Defendant's Motion Reconsideration (Dkt. 241) is Denied.

**DONE AND ORDERED** at Tampa, Florida, on the 24th day of September, 2015

SUSAN C. BUCKLEW
United States District Judge

**COPIES FURNISHED TO**:
Counsel of Record
Pro-se Defendant