UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OMAR ANTONIO ANCHICO-MOSQUERA

    v.                                                      Case No: 17-cv-2424 T-24 MAP
                                                                                 93-cr-228 T-24 MAP

UNITED STATES OF AMERICA
_____/

## **ORDER**

This cause comes before the Court on Petitioner Omar Antonio Anchico-Mosquera's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1; Crim. Doc. 250). Because review of the motion conclusively demonstrates that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter directly. *See* 28 U.S.C. § 2255(b).

**I.    Background**

Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base. Petitioner was held accountable for 250 grams of cocaine base and, due to his four prior drug felonies, was sentenced to a mandatory term of life imprisonment on March 4, 1994. Petitioner's sentence and conviction were affirmed by the Eleventh Circuit Court of Appeals on December 5, 1997.

On March 22, 1999, Petitioner filed his first § 2255 motion (Crim. Doc. 103). This Court dismissed that motion as time barred on April 28, 1999. (Crim. Doc. 106). The Eleventh Circuit affirmed this dismissal. (Crim. Doc. 120). Petitioner then filed this second § 2255 motion, which is dated August 5, 2017. (Civ. Doc. 1; Crim. Doc. 250).

1

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a mandatory, one-year period of limitation for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). Petitioner's § 2255 motion is dated August 5, 2017, and it is deemed to have been filed on that date. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining a prisoner's § 2255 motion is considered filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).

In *Clay v. United States*, the Supreme Court held that, "for federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." 537 U.S. 522, 532 (2003). In turn, Supreme Court Rule 13(3) provides: "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed . . . ."

The Eleventh Circuit entered its judgment affirming Petitioner's conviction on December 5, 1997. Petitioner then had 90 days—until March 5, 1998—in which to petition the Supreme Court for a writ of certiorari. On that date, Petitioner's conviction became final for purposes of the limitation period, and he had one year in which to file a motion under § 2255. This § 2255 motion is dated August 5, 2017, well more than one year after the judgment became final. Petitioner's § 2255 motion is therefore time barred.

Moreover, "[u]nder the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), when a prisoner previously has filed a § 2255 motion, he must apply for and receive permission from [a panel of the appropriate court of appeals] before filing a successive § 2255 motion." *United States v. Neder*, 451 F. App'x 842, 845 (11th Cir. 2012) (per curiam) (citing 28 U.S.C. §§ 2244(a), (b)(3), 2255(h)). "Absent [the Eleventh Circuit's] permission, the district court lacks jurisdiction to address the motion, and it must be dismissed." *Id.* (citing *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)). Petitioner has not shown that he has sought or obtained a certificate of appealability from the Eleventh Circuit that would allow Petitioner to file a successive § 2255 motion. Accordingly, Petitioner's § 2255 motion must also be dismissed as successive.

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DISMISSED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close the civil case.

# CERTIFICATE OF APPEALABILITY AND

# LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of October, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro se* Petitioner
Counsel of Record